IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY RICHARD RICE ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 06-335-KAJ |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

FOX ROTHSCHILD LLP

Neal J. Levitsky, Esquire (DE 2092)
Seth A. Niederman, Esquire (DE 4588)
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19899-2323
(302) 654-7444

Date: September 1, 2006

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ...................................................................1

SUMMARY OF THE ARGUMENT ..................................................................................1

    A.  Genuine issues of material fact exist as to whether Defendant's actions fall under the Discretionary Function Exception to FTCA.................................1

    B.  Genuine issues of material fact exist as to whether Defendant's actions are shielded by the Independent Contractor Exception to the FTCA .................1

STATEMENT OF FACTS ....................................................................................................1

ARGUMENT

    I.    Standard of Review ......................................................................................2

        A.  Motion To Dismiss ..............................................................................2

        B.  Motion for Summary Judgment ..........................................................2

    II.   Defendant's Actions Do Not Fall Within The Discretionary Function Exception To The Federal Tort Claims Act......................................................3

        A.  Existence of Mandatory Statute, Regulation or Policy .......................5

        B.  Considerations of Public Policy ..........................................................6

    III.  DelDOT Should Not Be Considered An Independent Contractor ..................7

CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

**CASE**                                                 **PAGE**

*Anderson v. Liberty Lobby, Inc.*
    477 U.S. 242, 248 (1986) ............................................................................................... 3

*ARA Leisure Services v. United States*
    831 F.2d 193 (9th Cir. 1987) ......................................................................................... 6

*Bartnicki v. Vopper*
    200 F.3d 109, 114 (3d Cir. 1999) .................................................................................. 3

*Baum v. United States*
    986 F.2d 716, 720 (4th Cir. 1993) ................................................................................. 4

*Berkovitz v. United States*
    486 U.S. 531, 537 (1988) ........................................................................................... 4, 6

*Celotex Corp. v. Catrett*
    477 U.S. 317, 323 (1986) ............................................................................................... 2

*Conley v. Gibson*
    355 U.S. 42 (1975) ......................................................................................................... 2

*Jenkins v. McKeithen*
    395 U.S. 411, 421 (1969) ............................................................................................... 2

*Logue v. United States*
    412 U.S. 521 (1973) ....................................................................................................... 7

*Scheuer v. Rhodes*
    416 U.S. 232 (1974) ....................................................................................................... 2

*Simons v. Montgomery County Police Officers*
    762 F.2s 30, 21 (4th Cir. 1985), *cert. denied*, 474 U.S.1054 (1986) ......................... 2

*Williams v. United States*
    50 F.3d 299 (4th Cir. 1995) ........................................................................................... 7

*Wood v. Standard Products Co.*
    671 F.2d 825 (4th Cir. 1982) ....................................................................................... 7

## OTHER AUTHORITIES

Federal Tort Claims Act
    28 U.S.C. 2671 ................................................................................................. 1, 3
    28 U.S.C. 2680(a) ................................................................................................. 3

Federal Rules of Civil Procedure
    12(b)(1) ................................................................................................................ 1
    12(b)(6) ................................................................................................................ 1
    56 ..................................................................................................................... 1, 2

## NATURE AND STATE OF PROCEEDINGS

On May 19, 2006, Plaintiff Jeffrey Richard Rice ("Plaintiff") filed this action demanding judgment against the United States of America ("Defendant") and the United States Army Corps of Engineers for monetary damages under the Federal Tort Claims Act, 28 U.S. 2671 et. seq. (the "FTCA").

On August 22, 2006, Defendant filed a Motion to Dismiss or in the Alternative, For Summary Judgment Pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 56. Plaintiff now files this Answering Brief in opposition to Defendant's Motion.

## SUMMARY OF ARGUMENT

1. Genuine issues of material fact exist as to whether Defendant's actions fall under the Discretionary Function Exception to the FTCA.

2. Genuine issues of material fact exist as to whether Defendant's actions are shielded by the Independent Contractor Exception to the FTCA.

## STATEMENT OF FACTS

On or about May 29, 2005, around 12:31 p.m., Plaintiff was driving his motorcycle in the right, southbound lane of Route 896 approaching the bridge that crosses the Chesapeake & Delaware Canal in New Castle County, also known as the Summit Bridge (the "Bridge"). At the time of the incident in question, Plaintiff's motorcycle struck a massive pot hole in the middle of the right southbound lane of Route 896 in the area 1/10 of a mile South of Route 7 (the "Bridge Incline") causing his motorcycle to flip over forward (the "Collision"). As a result of the Collision, Plaintiff was thrown through the air and onto the Bridge Incline and Bridge road

surfaces. It is undisputed that the Defendant owned the Summit Bridge and the Bridge Incline on May 29, 2005.

As a direct and proximate cause of the Collision, Plaintiff has suffered numerous injuries, including but not limited to multiple abrasions on all extremities and lacerations.

## ARGUMENT

I.   **Standard of Review**

   A.   **Motion to Dismiss**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 42 (1975). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 21 (4th Cir. 1985), cert. denied, 474 U.S. 1054 (1986).

   B.   **Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56, this Court may grant summary judgment only if there are no genuine issues as to any material fact and Defendant as the moving party are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact is one that will permit a reasonable fact-finder to return a verdict

for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view all facts, and all inferences fairly drawn therefrom, in the light most favorable to the non-moving party. *Bartnicki v. Vopper*, 200 F.3d 109, 114 (3d Cir. 1999).

II. **Defendant's Actions Do Not Fall Within The Discretionary Function Exception To The Federal Tort Claims Act**

This case is brought under the Federal Torts Claims Act, 28 U.S.C. § 2671 ("FTCA"). The FTCA authorizes suits for the recovery of damages against the United States,

> [F]or injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.*

Defendant asserts that their FTCA liability is limited by the discretionary function exception. Specifically, Defendant argues that although they owned the Bridge and Bridge Incline, Defendant had entered into a contract with DelDOT for maintenance of the relevant section of the roadway.

> Pursuant to 28 U.S.C. § 2680(a), FTCA liability does not attach in the case of:
>
> [a]ny claim based upon an act of omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused. *Id.*

Application of the discretionary function exception requires a two part evaluation, (1) whether a mandatory statute, regulation or policy applies, and (2) whether the discretionary function is based upon consideration of public policy. If a mandatory statute, regulation, or policy applies,

3

and the standard set forth therein has not been met, there is no element of judgment or choice, and the action does not fall within the discretionary function exception. If no mandatory statute, regulation, or policy applies, the Court next evaluations whether the choice or judgment involved is based upon considerations of public policy. *Baum v. United States*, 986 F.2d 716, 720 (4th Cir. 1993). The discretionary function exception "protects only governmental actions and decisions based on considerations of public policy." *Berkovitz v. United States*, 486 U.S. 531, 537 (1988).

Defendant's application for dismissal or summary judgment in this instance is premature. Defendant requests this Court to complete a discretionary function analysis without the development of a factual record. The parties have not had an opportunity to take discovery on the underlying issues of judgment or choice and the existence of a mandatory statute, regulation or policy. The parties have not engaged in discovery on public policy considerations.

In addition, Plaintiff contends that the Affidavit of the Assistant Chief of Operations for the Army Corps of Engineers, David Olson raises genuine issues of material fact. At paragraph 5, the affidavit states:

> In the area of DelDOT's responsibility, DelDOT took nearly complete control for customary road maintenance, including the filling of potholes. **The only exceptions were when (a) an area of needed repair was urgently brought to the Corps' attention, (b) the Corps had resources on hand with which to respond (including equipment, materials, manpower and budget) and (3) DelDOT was unable to respond promptly. Under those circumstance, the Corps would occasionally engage in road repair itself within the area of DelDOT's responsibility.** [emphasis added]

The existence of this massive unreported pothole, which resulted in injury to the Plaintiff, may qualify as an area of urgently needed repair which was brought to the attention of the Army Corps of Engineers and for which they neglected to respond. Further discovery is needed to

determine how often the Army Corps of Engineers was involved with 'occasional' road repair on the Summit Bridge.

### A. Existence of Mandatory Statute, Regulation, or Policy

If a mandatory statute, regulation, or policy applies, the acts of the Defendant will not be considered discretionary if the standards set forth therein were met.

In their opening brief, Defendant asserts that "[t]here were no mandatory guidelines applicable to the Corps' decision to enter into a maintenance contract with [the Delaware Department of Transportation]." However, Plaintiff has not had an opportunity to take discovery on this issue. In addition, Defendant fails to identify whether any mandatory guidelines applied to the actions of the Delaware Department of Transportation ("DelDOT") in maintaining the roadway. Discovery may reveal that the actions or inactions on the part of DelDOT are imputed to the Defendant. Simply limiting the analysis of Defendant's actions to that of its entrustment of responsibilities to DelDOT fails to examine the entire scope of Defendant's decision to enter into a maintenance contract with DelDOT.

It is unknown whether a mandatory statute, regulation, or policy exists with respect to the road maintenance. The affidavit of David Olson, an employee of Defendant, state that he "[is] unaware of any mandatory regulation or directive requiring the Corps to carry out road maintenance of the Summit Bridge (or other areas, for that matter) in any particular way." However, this Affidavit is purely speculative and may not be conclusive to the analysis. Given the overall lack of record with respect to whether any mandatory statutes, regulations, or policies existed, this Court should deny the Defendant's Motion and allow Plaintiff an opportunity to conduct the relevant necessary discovery.

### B. Considerations of Public Policy

The Defendant is unable to show that the decision to enter into a maintenance contract with DelDOT is "the permissible exercise of policy judgment." *Berkovitz,* 486 U.S. at 537. As Defendant's brief points out, the important public policy issues at stake in the decision to entrust road maintenance to DelDOT include public safety and conservation of limited economic resources. These issues fail to establish that the act is "the permissible exercise of policy judgment." In *ARA Leisure Services v. United States*, 831 F.2d 193 (9th Cir. 1987), the Ninth Circuit held that the fact that the National Park Service had limited economic resources and worked within a budget did "not make their failure to maintain [the roadway] a discretionary function for purposes of the FTCA." *Id.* at 196, ARA involved a tour bus went off road in a national park injuring and killing several passengers. The Court stated that "to hold otherwise would permit the discretionary function exception to all but swallow the Federal Tort Claims Act. Budgetary constraints underlie virtually all governmental activity." *Id.*

Moreover, Defendant fails to address whether the actions of DelDOT itself fall within "the permissible exercise of policy judgment." *Berkovitz,* 486 U.S. at 537. If DelDOT, in its interactions with the Defendant is held to be an employee of Defendant, then its actions are imputed to the Defendant and they too must be measured according to this standard. However, it is too early in the case to determine the interactions between Defendant and DelDOT and thus discovery is needed to obtain such answers. It is unknown whether DelDOT's failure to act was due to "permissible exercise of policy judgment." *Id.* Therefore, this Court should not grant the Defendant's Motion to Dismiss or for Summary Judgment.

WM1A 84542v6 08/31/06

### III. DelDOT Should Not Be Considered An Independent Contractor

Defendant has moved, in the alternative, for dismissal or summary judgment for lack of subject matter jurisdiction on the grounds that the FTCA prohibits a finding of liability on the part of the Government where the act or omission was caused by an independent contractor.

As detailed in *Logue v. United States,* 412 U.S. 521, 528 (1973), the distinction between an employee and an independent contractor relies upon a determination as to whether the United States has the authority "to control the detailed physical performance of the contractor." Therefore, the United States "will not be liable under the independent contractor exception of the FTCA by virtue of entering contracts and demanding compliance with federal standards, unless the United States actually supervises the 'day-to-day operations' of the endeavor." *Williams v. United States,* 50 F.3d 299 (4th Cir. 1995). Moreover, determining whether the responsible party was an independent contractor or an agent or employee of the United States hinges on "the primary activity contracted for and not the peripheral, administrative acts relating to such activity." *Wood v. Standard Products Co.,* 671 F.2d 825 (4th Cir. 1982).

Given this analysis, it is essential to determine the extent and scope of the Defendant's supervision over DelDOT. The issue of whether DelDOT is an employee, agent or an independent contractor of Defendant rests on "the primary activity contracted for and not the peripheral, administrative acts relating to such activity." *Id.* Although Defendant asserts that DelDOT was an independent contractor, the only evidence Defendant has provided to support this position is an affidavit of one of Defendant's own employees, and an outdated 1983 contract between the Defendant and DelDOT.

Discovery is needed to determine the actual relationship of Defendant and DelDOT. Although Defendant and DelDOT intended an independent contractor relationship at the time of

7

contracting in 1983, it is quite possible that the actual conduct of the parties over the years may have taken on an employee-agency relationship. Moreover, although David Olsen has stated through affidavit that "DelDOT took nearly complete control for customary road maintenance, including the filling of potholes[,]" employees of DelDOT or other employees of the Defendant may disagree.

Given the lack of record and lack of opportunity to develop a record, the Defendant's Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment.

FOX ROTHSCHILD LLP

By: _____
Neal J. Levitsky, Esquire (DE 2092)
Seth A. Niederman, Esquire (DE 4588)
Citizens Bank Center
Suite 1300
919 North Market Street
Wilmington, DE 19899-2323
(302) 654-7444

Dated: September 1, 2006

## CERTIFICATE OF SERVICE

I, Neal J. Levitsky, Esquire, hereby certify on this 1st day of September, 2006, a true and correct copy of the attached Defendant's Answering Brief in Opposition to Defendant's Motion to Dismiss or in the alternative, for Summary Judgment was served via email and electronic filing on the individual listed below:

>Patricia C. Hannigan, Esquire
>Assistant United States Attorney
>The Nemours Building
>1007 Orange Street, Suite 700
>P.O. Box 2046
>Wilmington, DE 19899-2046

_____
Neal J. Levitsky, Esquire (No. 2092)

9