# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JEFFREY RICHARD RICE,  :
  :
    Plaintiff,  :
  :
  v.  :  Civil Action No. 06-335-KAJ
  :
UNITED STATES OF AMERICA,  :
  :
    Defendant.  :

# DEFENDANT'S REPLY BRIEF IN SUPPORT
## OF ITS MOTION TO DISMISS OR, IN THE
## <u>ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

COLM F. CONNOLLY
United States Attorney

Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
<u>Patricia.Hannigan@usdoj.gov</u>
(302) 573-6277

Dated: **September 11, 2006**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................ ii

ARGUMENT ......................................................... 1

1.    The Facts on Which Plaintiff Seeks Discovery Are Irrelevant to Either the
Discretionary Function Analysis or the Independent Contractor Analysis;
Taking all the Facts in the Light Most Favorable To Plaintiff, Summary
Judgment Should be Granted in Favor of the United States as a Matter
of Law ........................................................ 1

2.    Considerations of Public Policy Support the Discretionary Function Analysis
Urged by Defendant ............................................. 4

3.    DelDOT Should Be Considered an Independent Contractor for Purposes of
Considering the Liability of the United States in This Matter Pursuant to the
Federal Tort Claims Act ......................................... 6

CONCLUSION ...................................................... 7

# TABLE OF AUTHORITIES

## CASES                                                                      PAGE

*ARA Leisure Services v. United States*
    831 F.2d 193 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Baum v. United States*
    986 F.2d 717 (4th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Fahl v. United States*
    792 F.Supp. 80, (D.Ariz. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Gotha v. United States*
    115 F.3d 176 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Management Activities, Inc. v. United States*
    21 F.Supp. 2d 1157, 1164 (C.D. Cal. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Moyer v. Washington State*
    106 F.3d 408
    1997 WL 22422
    (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Pearson v. United States*
    9 F.3d 1553 (Table)
    1993 WL 438760,**6 (9TH Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Sant v. United States*
    896 F.Supp. 639
    (W.D. La 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Shively v. United States*
    5 F.3d 540 (Table)
    1993 WL 312758,**3 (9TH Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States v. Gaubert*
    499 U.S. 315 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*Williams v. United States*
    50 F.3d 299 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**PAGE**

**OTHER AUTHORITIES**

28 U.S.C. § 2680(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

10 Del. Code § 4011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**ARGUMENT**

1.   **The Facts on Which Plaintiff Seeks Discovery Are Irrelevant to Either the
     Discretionary Function Analysis or the Independent Contractor Analysis;
     Taking all the Facts in the Light Most Favorable To Plaintiff, Summary
     Judgment Should be Granted in Favor of the United States as a Matter of Law**

In Plaintiff's Answering Brief in Opposition to Defendant's Motion to Dismiss or In The

Alternative For Summary Judgment (D.I. 10, hereinafter "Plaintiff's Brief"), Plaintiff argues that

the defense motion is "premature." Plaintiff's Brief at p. 4. Counsel recites "[t]he parties have

not had an opportunity to take discovery on the underlying issues of judgment or choice and the

existence of a mandatory statute, regulation or policy. The parties have not engaged in discovery

on public policy considerations." *Id.* However, as illustrated in the cases cited in the

Defendant's Opening Brief, these issues are properly decided as a matter of law. *See, e.g., Sant*

*v. United States*, 896 F.Supp. 639 (W.D. La 1995); *Moyer v. Washington State*, 106 F.3d 408

(Table), 1997 WL 22422 (9th Cir. 1997). *See also Shively v. United States*, 5 F.3d 540 (Table),

1993 WL 312758,**3 (9TH Cir. 1993) ("The Forest Service agreed with the State of California

that '[w]ithin the highway right-of-way the State will install and maintain ... [r]egulatory and

warning signs.'... This agreement resulted from a decision by the Forest Service susceptible to

political, social and economic policy considerations," thus the United States was protected from

liability by the Discretionary Function Exception of the FTCA); *Pearson v. United States*, 9 F.3d

1553 (Table), 1993 WL 438760,**6 (9TH Cir. 1993.) (the United States' "reliance on Arizona to

fulfill the signing program [warning motorists of the presence of wild animals on the roadway] is

a discretionary decision, grounded in policy implications and concerns of federalism, and is

shielded from review").

-1-

Moreover, there *is* factual support for the government's position in the Affidavit of David

Olson, Assistant Chief of Operations for the Army Corps of Engineers ("Corps"). Plaintiff

emphasizes the fact that there were occasional exceptions to the delegation of responsibility to

DelDOT for road maintenance, in which the Corps would undertake to make certain road repairs

itself. Plaintiff argues that the alleged pothole at issue in this case "may qualify as an area of

urgently needed repair which was brought to the attention of the [Corps] and for which they

neglected to respond." *Id.* But that argument presupposes that the Corps had a duty to repair,

and there is no evidence to support that presupposition. As shown in the contract between the

Corps and DelDOT, attached to Mr. Olson's Affidavit,[1] the Corps had contracted that duty away

to DelDOT. The cases cited above reveal that decision to have been an appropriate use of

discretion. Moreover, if the Discretionary Function Exception applies, any negligence by the

Corps is irrelevant. By the explicit language of the Statute, sovereign immunity is not waived

over any claim "based upon the exercise or performance or the failure to exercise or perform a

discretionary function or duty on the part of a federal agency or an employee of the Government,

*whether or not the discretion involved be abused.*" 28 U.S.C. § 2680(a)(emphasis added). *See*

*also Fahl v. United States*, 792 F.Supp. 80, 83 (D.Ariz. 1992) ("even if Plaintiff had

demonstrated that the government exercised its discretion in a negligent manner, the

Government's action would still be shielded from liability as 28 U.S.C. § 2680(a) protects

discretionary acts 'whether or not such discretion be abused.'")

---

[1] Plaintiff's Brief refers to the contract as "outdated." Plaintiff's Brief at p.7. True, it was entered into in 1984, but there is no evidence to support the suggestion that it was no longer in force on the date of the alleged incident. To the contrary, Mr. Olson's Affidavit recites, under oath, that the contract was in force on that date. Affidavit, Para. 3.

Plaintiff's argument continues, "[f]urther discovery is needed to determine how often the [Corps] was involved with 'occasional' road repair on the Summit Bridge." *Id.*, p. 4-5. However, there is no showing of what relevance such factual discovery would have, in the absence of any duty on the part of the Corps to make such repairs.

Again, Plaintiff requests the opportunity to take discovery on whether there were "mandatory guidelines applicable to the Corps' decision to enter into a maintenance contract with [DelDOT]." *Id.*, p. 5. The Government urges that this is a matter of law, not discoverable fact, as found in the cases cited in Defendant's Opening Brief. Plaintiff labels Mr. Olson's affidavit "purely speculative" on this matter. *Id.* To the contrary, in the Government's view it is the reverse; Plaintiff's speculation that there may be some unidentified mandatory statute, regulation or policy finds no support either in the law or in the cases cited by Plaintiff. "For a complaint to survive a motion to dismiss, it must allege *facts* which would support a finding that the alleged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." *United States v. Gaubert*, 499 U.S. 315, 324-25 (1991) (emphasis added). This the Complaint in the instant case fails to do.

Finally, Plaintiff points out that the Government's Opening Brief fails to address "whether any mandatory guidelines applied to the actions of [DelDOT] in maintaining the roadway." *Id.* But that issue is irrelevant to the Corps' duties and obligations under federal law.[2] And the related argument that "[d]iscovery may reveal that the actions or inactions on the part of

---

[2] Although DelDOT's potential liability is not before this Court, it may be noted in passing that 10 Del. Code § 4011 provides "a governmental entity shall not be liable for any damage claim which results from ... (6) any defect, lack of repair ... in any highway, ... [or] bridge ..., including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights and controls, ... and guardrails."

-3-

DelDOT are imputed to the Defendant" (*id.*) is contrary to the applicable law of agency, discussed in detail in Defendant's Opening Brief.

In summary, Plaintiff has pointed to no relevant facts that would be fleshed out by discovery. The Government urges the Court to reject Plaintiff's argument that dismissal or summary judgment is premature at this time.

**2.    Considerations of Public Policy Support the Discretionary Function Analysis Urged by Defendant**

Plaintiff initially concedes that "the important public policy issues at stake in the decision to entrust road maintenance to DelDOT include public safety and conservation of limited economic resources." Plaintiff's Brief, p. 6. But Plaintiff then goes on to assert that "[t]hese issues fail to establish that the act is 'the permissible exercise of policy judgment'." *Id.* Plaintiff relies for this proposition upon the single case of *ARA Leisure Services v. United States*, 831 F.2d 193 (9th Cir. 1987). Plaintiff is correct that in *ARA*, the Ninth Circuit found that economic considerations standing alone were not enough to relieve the United States of all liability under the discretionary function exception to the FTCA. However, in *ARA* the Government was under a mandatory obligation, unlike the instant case.

In *ARA*, a mountainside road that had been designed and constructed to be twenty-eight feet wide had been permitted to deteriorate to the point where it was barely half that – fourteen feet, six inches in width. A tour bus plunged from the roadway and rolled down the mountain, killing and injuring many passengers. When plaintiffs sued for damages, the Court rejected their argument that the Government was negligent in failing to provide guardrails, finding that decision protected under the Discretionary Function Exception. However, the Court found that

-4-

the Government's own regulations explicitly required it to maintain the roadway according to certain specifications, gradations and alignments. *Id.* at 195. This it failed to do, because of budgetary constraints. Violation of that duty of maintenance was determined to remove the decision not to maintain the road from within the Discretionary Function Exception. As the Fourth Circuit later put it, "the Park Services actions in [*ARA*] failed the first element of the *Berkovitz - Gaubert* analysis: there existed mandatory regulations compelling the Park Service to act, and those regulations were not met." *Baum v. United States*, 986 F.2d 717, 724 (4th Cir. 1993).

*ARA* is therefore factually distinguishable from the instant case. First, the Corps had no mandatory duty to maintain the incline to Summit Bridge, where Plaintiff was allegedly injured. And secondly, the Corps' decision to enter the contract with DelDOT to do road repairs was only partly based on economic considerations. Because DelDOT is in the business, *inter alia*, of repairing potholes and the Corps is not, for example, public safety may well be better safeguarded by delegating pothole repair to DelDOT.[3] This is exactly the kind of decision Congress meant to insulate from liability under the discretionary function exception. *See, e.g., Williams v. United States*, 50 F.3d 299, 310 (4th Cir. 1995)(where an independent contractor was responsible for repair and maintenance of the Government-leased property where Plaintiff was allegedly injured, the decision to delegate that responsibility to the contractor was held to be

---

[3] Lest this observation add fuel to Plaintiff's argument that discovery is needed on exactly what considerations actually went into the Corps' decision to enter into the contract with DelDOT, it is clear that the subjective intent of the Corps is irrelevant. "The issue is not whether the government agency or official actually balanced social, economic or political considerations, but whether the actions 'are susceptible to policy analysis'." *Management Activities, Inc. v. United States*, 21 F.Supp. 2d 1157, 1164 (C.D. Cal. 1998), quoting *United States v. Gaubert*, 499 U.S. at 326. *Accord Gotha v. United States*, 115 F.3d 176, 180 (3d Cir. 1997).

"precisely the type of decision that the exception is designed to shield from liability because it involves exercising judgment based on considerations of policy, and the case law clearly establishes that the award of contracts falls within the ambit of the discretionary function exception" (citations omitted).)

Finally, Plaintiff's point that the Defendant's Opening Brief "fails to address whether the actions of DelDOT itself fall within 'the permissible exercise of policy judgment' (Plaintiff's Brief at p.6)"misses the mark, in the Government's opinion. Any action or inaction by DelDOT in exercising its policy judgment is irrelevant to the liability of the United States.

**3.    DelDOT Should Be Considered an Independent Contractor for Purposes of Considering the Liability of the United States in This Matter Pursuant to the Federal Tort Claims Act**

The Government has argued that DelDOT was an independent contractor, which conclusion would render the Government shielded from liability by the Independent Contractor Exception to the FTCA. In response, Plaintiff asserts "it is essential to determine the extent and scope of the Defendant's supervision over DelDOT." Plaintiff's Brief at p. 7. Plaintiff apparently views as inadequate the evidence supplied in the form of a copy of the controlling contract and Mr. Olson's sworn statement that the Government did not exert any control over DelDOT's carrying out of its contractual obligations. *Id.* Plaintiff concedes that "Defendant and DelDOT intended an independent contractor relationship at the time of contracting in 1983," but then goes on to speculate "it is quite possible that the actual conduct of the parties over the years may have taken on an employee-agency relationship." *Id.*, p. 7-8. Plaintiff seeks the "opportunity to develop a record" (*id.*, p.8), presumably by conducting fact discovery of representatives of the Corps and DelDOT.

-6-

The Defendant suggests that necessary implications of Plaintiff's position are (a) the contract either doesn't mean what it says or the parties developed a practice of breaching it, and (b) Mr. Olson is either lacking in knowledge or is simply untruthful. There is no basis in the record to support any such finding. Permitting Plaintiff to go on a fishing expedition in hope of unearthing some bit of evidence to support his claim is inappropriate on this record.

## CONCLUSION

For all the reasons and upon all the authorities cited herein and in the United States' Opening Brief, Defendant requests that the Court grant its motion to dismiss or in the alternative, summary judgment.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By:/s/Patricia C. Hannigan
Patricia C. Hannigan
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE 19899-2046
Patricia.Hannigan@usdoj.gov
(302) 573-6277

Dated: **September 11, 2006**

## CERTIFICATE OF SERVICE

I, Patricia C. Hannigan, hereby certify that on **September 11, 2006**, I electronically filed the foregoing **DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

**Neal J. Levitsky, Esquire**
Fox Rothschild LLP
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, DE 19899-2323
(302) 654-7444
nlevitsky@frof.com


COLM F. CONNOLLY
United States Attorney

By: /s/Patricia C. Hannigan
     Patricia C. Hannigan
     Assistant United States Attorney
     Delaware Bar I.D. No. 2145
     The Nemours Building
     1007 Orange Street, Suite 700
     P. O. Box 2046
     Wilmington, DE 19899-2046
     (302) 573-6277
     Patricia.Hannigan@usdoj.gov